CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 07 2018
JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

AARON A. LUCIANO, )
 )
    Plaintiff, )
 )
 ) Civil Action No. 7:18cv00328
v. )
 ) By:   Hon. Michael F. Urbanski
VIRGINIA DEPARTMENT OF ) Chief United States District Judge
MOTOR VEHICLES, et al., )
 )
    Defendants. )

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Aaron A. Luciano ("Luciano"), filed the instant complaint against the Virginia Department of Motor Vehicles ("DMV") and Attorney General of Virginia. ECF No. 2. The court granted Luciano's motion to proceed in forma pauperis on July 12, 2018. ECF No. 3. For the reasons set forth below, Luciano's complaint will be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.

Luciano's statement of his claim consists of one paragraph:

> The Virginia DMV automatically suspended my license due to non payment [sic] of court costs. The Virginia Statue [sic] directs this procedure. This has made it difficult to get to and from work to make funds to pay the court costs without breaking the law and [d]riving on a suspended license.

ECF No. 2, at 4. He asserts federal question jurisdiction based on the Fifth and Fourteenth Amendments of the U.S. Constitution, alleging that "[s]uspending licenses solely for non-payment of fees violates the due process and equal protection." ECF No. 2, at 3. By way of remedy, Luciano seeks a court order requiring the DMV to reinstate his license and seeking

1

"remov[al]" of the Virginia statute authorizing suspension of licenses. Id.

## II.

Under 28 U.S.C. § 1915(e)(2)(B), district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." After reviewing the complaint, the court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Luciano's complaint fails to state a claim on which relief may be granted. Rule 8 of the Civil Rules of Civil Procedure requires a pleading that states a claim for relief to contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Luciano's one paragraph description of his claim fails to allege how his grievance with the DMV and Attorney General regarding a suspended driver's license entitles him to relief. The complaint does not state the circumstances of Luciano's court costs, status of the underlying litigation that led to the suspension, or any pertinent information that could allow the court to assess the merits of his claim.

Moreover, Luciano asserts no basis for federal jurisdiction over this matter. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." (internal citations omitted)). Luciano

alleges that the DMV suspended his license due to nonpayment of court costs pursuant to a Virginia statute. Reading the complaint in the light most favorable to Luciano, the court presumes that Luciano refers to Va. Code § 46.2-395, which addresses suspension of licenses for failure to pay fines, costs, or other penalties.

Last year, a court in this district held that it lacked jurisdiction to review plaintiffs' claims that suspension of their licenses pursuant to Va. Code § 46.2-395 violated their federal constitutional rights to due process and equal protection. In Stinnie v. Holcomb, No. 3:16-CV-00044, 2017 WL 963234, at *1 (W.D. Va. Mar. 13, 2017), appeal dismissed, cause remanded, No. 17-1740, 2018 WL 2337750 (4th Cir. May 23, 2018), the court held that it did not have authority to rule on the merits for three reasons:

> First, Congress and the Constitution have not granted federal district courts the authority to hear appeals from state courts. The U.S. Supreme Court is the only federal court authorized to do so. Because this case involves allegedly unconstitutional suspension orders of *Virginia state courts*, Plaintiffs must seek relief from Virginia's appellate courts and ultimately the U.S. Supreme Court, not this Court.
>
> Second, the Constitution empowers a federal court to hear a case only if the court could fix the harm plaintiffs allegedly suffered at the hands of the defendant. Here, because the state courts (not the Commissioner) suspended the licenses, the complained-of injury is not fairly traceable to the Commissioner and cannot be fixed by a court order against him.
>
> Third, the Constitution's Eleventh Amendment forbids certain kinds of lawsuits in federal court against States. The Supreme Court has recognized, however, that the Eleventh Amendment does not prohibit lawsuits seeking to stop a state official from violating federal law. But this exception applies only when the state official has a special relationship to the supposedly unlawful conduct. Because that special relationship is absent here, the exception is inapplicable, and the Eleventh Amendment bars the case against the Commissioner.

Id. Although all three reasons addressed in Stinnie apply to this action, the court solely addresses the first as it is dispositive.[1]

The Rooker-Feldman doctrine generally prohibits lower federal courts from reviewing state court decisions. The Fourth Circuit explained the court's limited jurisdiction under this doctrine in Friedman's, Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002):

> Under the Rooker–Feldman doctrine, lower federal courts may not consider either "issues actually presented to and decided by a state court" or "constitutional claims that are inextricably intertwined with questions ruled upon by a state court." [Plyler v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997)] (internal quotation marks omitted). Federal courts are divested of jurisdiction "where entertaining the federal claim should be the equivalent of an appellate review of the state court order." Jordahl [v. Democratic Party of Va.], 122 F.3d [192,] at 202 [4th Cir. 1997] (alterations and internal quotation marks omitted). Rooker–Feldman applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." Plyler, 129 F.3d at 733. Thus, "when a party sues in federal district court to readjudicate the same issues decided in the state court proceedings, that action is in essence an attempt to obtain direct review of the state court decision . . . in contravention of Rooker–Feldman." Brown & Root[, Inc. v. Breckenridge], 211 F.3d [194,] at 201 [(4th Cir. 2000)]. The label attached to the federal court action will rarely, if ever, be important, since a party that is seeking in federal court to readjudicate an issue decided in state court is unlikely to say so.

Id. Federal courts may not entertain a complaint where "the losing party in state court [files] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment[.]" Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291

---

[1] The court relies on all three reasons in support of dismissal set forth in Stinnie. The court also notes that due process claims for suspension of Virginia driver's licenses have been dismissed because the plaintiff had (1) the right to a full trial on the underlying traffic convictions leading to the suspension and (2) an adequate post-deprivation remedy under Virginia Code § 46.2–489's petition process for judicial review of suspensions. See Crutchfield v. Holcomb, No. 4:11-CV-00034, 2011 WL 4634033, at *4 (W.D. Va. Oct. 4, 2011).

(2005).

State courts issue license suspension orders, such as the one complained of by Luciano, pursuant to Va. Code § 46.2-395(B). See Stinnie, 2017 WL 963234, at *12. "[A] plaintiff may not escape the jurisdictional bar of Rooker–Feldman by merely refashioning its attack on the state court judgments as a § 1983 claim." Id. (internal citations omitted). Similar to the plaintiffs in Stinnie, Luciano's dispute regarding his license suspension order ultimately arises out of his disagreement with state court proceedings. Luciano had an opportunity to present his constitutional claims to the state court. Id. at *14–15; see also Walton v. Virginia, 24 Va. App. 757, 758–59 (1997), aff'd 255 Va. 422, 424, 427 (1998) (considering due process challenge to suspension of a person's driver's license triggered by a court's judgment of conviction pursuant to Va. Code § 18.2-259.1(A)). This court does not have the authority to hear such claims. Under the Rooker-Feldman doctrine, this court lacks jurisdiction to review Luciano's claims.

The court construes pro se complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104–05 (1976)). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For the reasons set forth above, Luciano's complaint fails to state a legal claim upon which relief may be granted. Thus, his complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). However, following the practice in Stinnie, the court will grant Luciano an opportunity to amend or clarify his complaint to

address: the statute that he intends to challenge; the facts and circumstances of the suspension of his license; and any fact, claim, party, or theory in his complaint, including whether the suit presents facial or factual challenges (or both) to the statute at issue.

### III.

Accordingly, this complaint will be **DISMISSED** without prejudice. Luciano will be **GRANTED** leave to amend or clarify his complaint within **thirty (30) days** of the date of the accompanying order. If Luciano does not amend of clarify his complaint within thirty days, this matter will be **STRICKEN** from the active docket of the court.

An appropriate Order will be entered. The clerk is directed to send a copy of this Memorandum Opinion to all counsel of record and the pro se plaintiff.

Entered: 08-07-2018

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge