CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 27 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AARON A. LUCIANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:18cv00328 |
| v. ) | |
| ) | By: Hon. Michael F. Urbanski |
| VIRGINIA DEPARTMENT OF ) | Chief United States District Judge |
| MOTOR VEHICLES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court is pro se plaintiff Aaron A. Luciano's ("Luciano") motion to amend complaint to add parties and amend original complaint. ECF No. 9. The court previously granted leave to amend in its dismissal of the original complaint without prejudice. ECF No. 8. For the reasons set forth below, Luciano's motion to amend will be **DENIED as moot** and the Clerk shall **FILE** the proposed amended complaint (ECF No. 9-1) as of this date.

### I.

On July 11, 2018, Luciano filed a complaint against the Virginia Department of Motor Vehicles ("DMV") and Attorney General of Virginia for the suspension of his driver's license due to nonpayment of court costs. ECF No. 2. The court granted Luciano's motion to proceed in forma pauperis on July 12, 2018. ECF No. 3. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court dismissed Luciano's claim for failing to state a claim on which relief may be granted in the same order. Id. The complaint, which included a one-paragraph description of the claim, failed to meet the requirements of Federal Rule of Civil Procedure 8 because it did not state the circumstances of Luciano's court costs, status of the underlying

1

litigation that led to the suspension, or any pertinent information that could allow the court to assess the merits of his claim. The court further held that Luciano asserted no basis for federal jurisdiction because, based on the facts presented, this court lacked jurisdiction to review his claim under the Rooker–Feldman doctrine. The court provided Luciano leave to amend his complaint to include factual information pertinent to his claim, identify the statute to be challenged, and state his theory of the case.

Luciano moved to amend his complaint on August 13, 2018. ECF No. 9. In the proposed amended complaint, Luciano challenges the constitutionality of Va. Code § 46.2-395(B) and names Governor Ralph Northam, Attorney General Mark Herring, and Department of Motor Vehicles Commissioner Richard Holcomb as defendants in their official capacities. ECF No. 9-1. Luciano states that his license was revoked in 2007 for one year by the "Juvenile Licensing Statute,"[1] but that the revocation did not begin until 2017 due to unpaid court debt. Id. at 2. Luciano also alleges that his suspension resulting from court debt ran concurrently to his other suspensions, and that "all other suspensions were placed on hold until Court Debt was paid." Id.

Luciano claims that the deprivation of his license, without a state determination of his ability to pay the court debt or opportunity to be heard in connection with the suspension, violates the Due Process and Equal Protection Clauses. Id. at 2–3. Luciano also asserts a violation of the Equal Protection Clause because the statute subjects people with court debts to unduly harsh and discriminatory treatment compared to other debtors. Id. at 3. Luciano seeks (1) a declaratory judgment that Va. Code § 46.2-395(B) is unconstitutional, and (2) an

---

[1] Luciano does not provide a citation for the "Juvenile Licensing Statute." Construing the complaint liberally, the court presumes that Luciano refers to Va. Code § 46.2-334.01, which sets out license suspension and revocation procedures for juveniles convicted of certain offenses.

2

injunction preventing the defendants from enforcing the statute and directing reinstatement of automatically suspended driver's licenses. Id. at 3.

## II.

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course within 21 days after serving it. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 allows courts to freely grant leave to amend a pleading "when justice so requires." Id.; see also Johnson v. Oroweat Foods Co., 785 F.2d 503, 511 (4th Cir. 1986). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). A plaintiff proceeding pro se is held to "less stringent standards" than counseled plaintiffs, and the court must construe his claims liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the court need not ignore a clear failure to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Services for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990).

The grant or denial of leave lies in the sound discretion of the district court. See Gambelli v. United States, 904 F. Supp. 494, 497 (E.D.Va.1995), aff'd, 87 F.3d 1308 (4th Cir. 1996). Denial of leave to amend constitutes abuse of discretion without sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. See Foman, 371 U.S. at 182. "Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, conjecture about the merits of the litigation should not enter into

3

the decision whether to allow amendment." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) (internal citations and quotations omitted). A district court "determines futility under the standard of Fed. R. Civ. P. 12(b)." Chattery Int'l, Inc. v. JoLida, Inc., No.: WDQ-10-2236, 2011 WL 4527337, at *3 (D. Md. Sep. 27, 2011). Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 700 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 597 (2007)). Therefore, a motion to amend pleadings is futile if it does not state a claim to relief that is plausible on its face.

### III.

The court already provided Luciano leave to amend his complaint in its dismissal order entered on August 7, 2018. ECF No. 8. His request for leave therefore is moot. However, the court will review Luciano's claim pursuant to its duty under 28 U.S.C. § 1915(e)(2)(B) to screen initial pleadings filed in forma pauperis. The court must determine whether the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." After reviewing the proposed amended complaint, the court concludes that Luciano's claims are not clearly futile and amendment should be allowed.

Dismissal of the last complaint hinged on two grounds. First, the complaint did not meet Rule 8 because Luciano failed to state a claim on which relief may be granted. Luciano provided no specific information about the suspension of his license or the statute he intended to challenge. In his proposed amended complaint, Luciano now states that his license was revoked for one year in 2007 but that the revocation did not begin until 2017 due

to unpaid court debt. ECF No. 9-1, at 2. Luciano also appears to allege that he faced suspensions unrelated to court debts that may have been impacted by this particular revocation. Id. Importantly, he clarified that he is challenging the constitutionality of Va. Code § 46.2-395(B) and provided his grounds for doing so. Although the proposed amended complaint does not provide extensive information about Luciano's revocation or the proceedings leading to that revocation, Luciano is a pro se plaintiff and held to "less stringent standards" than counseled plaintiffs. Construing Luciano's claims liberally, the proposed amended complaint provides sufficient notice to the defendants about the revocation and claims at issue under Rule 8. See Erickson, 551 U.S. at 94.

The second reason for dismissing the original complaint was for lack of jurisdiction under the Rooker–Feldman doctrine. The court considered Stinnie v. Holcomb, No. 3:16-CV-00044, 2017 WL 963234, at *1 (W.D. Va. Mar. 13, 2017), appeal dismissed, cause remanded, No. 17-1740, 2018 WL 2337750 (4th Cir. May 23, 2018), where the court held that it did not have jurisdiction over a challenge to Va. Code § 46.2-395 in part because:

> Congress and the Constitution have not granted federal district courts the authority to hear appeals from state courts. The U.S. Supreme Court is the only federal court authorized to do so. Because this case involves allegedly unconstitutional suspension orders of *Virginia state courts*, Plaintiffs must seek relief from Virginia's appellate courts and ultimately the U.S. Supreme Court, not this Court.

This reasoning is based in the Rooker-Feldman doctrine, which generally prohibits lower federal courts from reviewing state court decisions. See Friedman's, Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002). The court in Stinnie dismissed the claim without prejudice because "[t]he text and structure of § 46.2-395 (as well as the Suspension Forms attached to the

5

Complaint) make plain that the state court suspends the licenses, not the Commissioner," and therefore the action was precluded by Rooker-Feldman. 2017 WL 963234, at *13. Although dismissing the complaint, the court noted that "it may be possible to reconstitute [claims like this] in a form and against a defendant such that a lower federal court would have jurisdiction." Id. at *20.

In May of this year, the U.S. Court of Appeals for the Fourth Circuit remanded Stinnie for lack of jurisdiction because the dismissal without prejudice was not a final order. See Stinnie v. Holcomb, No. 17-1740, 2018 WL 2337750, at *2 (4th Cir. May 23, 2018). The Fourth Circuit agreed that the complaint as stated did not allege subject matter jurisdiction, but that the plaintiffs may be able to reconstitute their claims to obtain jurisdiction. Id. The majority opinion did not suggest how the claims could be reconstituted to merit jurisdiction. However, Chief Judge Gregory's dissent shed some light on subject matter jurisdiction over this type of claim. Chief Judge Gregory disagreed with the lower court's opinion, including its Rooker-Feldman analysis, and opined that the court in fact had jurisdiction because "no state court has heard or rendered a decision on Plaintiffs' constitutional claims—and so, the district court cannot possibly supplant the role of state appellate courts or the Supreme Court by exercising jurisdiction over such independent claims." Id. at *8 (Gregory, C.J., dissenting). The dissent reframed the plaintiffs' challenge:

> Plaintiffs are also not challenging the state court decisions themselves. They do not contest their convictions, the applicability of the assessed fines and fees, or their failure to make the required payments. Rather, they challenge the statutory scheme, and the process it provides, as violating their due process and equal protection rights. As in Skinner, there is no state court judgment as to the claims brought in federal court. The absence of a reviewable state judgment, by

6

>definition, means Rooker-Feldman cannot apply, for it precludes only appellate review by district courts.

Id. at *9 (Gregory, C.J., dissenting). Stinnie is now before the district court again on remand and plaintiffs have been allowed to amend their complaint by September 11, 2018. See Stinnie, No. 3:16-CV-00044, ECF No. 83 (W.D. Va. filed July 2, 2018).

The decisions in Stinnie offer two tracks of analysis for considering Luciano's constitutional challenge to Va. Code § 46.2-395(B) based on his 2007 license revocation and the 2017 administration of the license revocation. The lower court's analysis in Stinnie, which likely will be revisited once the plaintiffs amend their complaint, suggests that Rooker-Feldman also would preclude the court form hearing Luciano's claim despite this new information. However, Judge Gregory's dissent suggests that the court could hear Luciano's challenge to his license revocation because Luciano challenges the statutory scheme and its process.

At this stage of the litigation, the court need not decide which jurist offers the more persuasive argument. Courts permit a proposed amendment unless it "may clearly be seen to be futile because of substantive or procedural considerations. . . ." Davis, 615 F.2d at 613. Similarly, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court allows a pleading filed in forma pauperis to advance unless it "fails to state a claim on which relief may be granted." As a pro se plaintiff held to "less stringent standards," Luciano now has added sufficient information to his proposed amended complaint so that it is not clearly futile. See Erickson, 551 U.S. at 94. Luciano's complaint shall be filed and the defendant shall have an opportunity to respond to his claim, particularly given the debate about the applicability of the Rooker-Feldman doctrine to these types of claims.

## III.

Accordingly, Luciano's motion to amend (ECF No. 9) will be **DENIED as moot** and the Clerk is **DIRECTED** to **FILE** the proposed amended complaint (ECF No. 9-1) as of this date.

An appropriate Order will be entered. The clerk is directed to send a copy of this Memorandum Opinion to pro se plaintiff.

Entered: 08-25-2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge