CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 2 6 2018

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AARON A. LUCIANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:18cv00328 |
| v. ) | |
| ) | By: Hon. Michael F. Urbanski |
| VIRGINIA DEPARTMENT OF ) | Chief United States District Judge |
| MOTOR VEHICLES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Pro se plaintiff Aaron A. Luciano filed an amended complaint in this action against defendants Governor Ralph Northam, Attorney General Mark Herring, and DMV Commissioner Richard Holcomb, alleging violations of due process and equal protection arising from the suspension of his driver's license due to nonpayment of court costs. ECF No. 14. The defendants moved to dismiss this action for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). ECF No. 17. The matter has been fully briefed. The court dispenses with oral argument because the legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. For the following reasons, the motion to dismiss, treated as a motion to quash, will be **GRANTED**, and the service of process on the defendants is hereby quashed.

I.

On July 11, 2018, Luciano filed a complaint against the Virginia Department of Motor Vehicles ("DMV") and Attorney General of Virginia for the suspension of his driver's license due to nonpayment of court costs. ECF No. 2. The court granted Luciano's

motion to proceed in forma pauperis on July 12, 2018, but dismissed his claim on the same day pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 3. Following Luciano's motion to amend his complaint (ECF No. 9), the court directed the clerk to file his proposed amended complaint on August 27, 2018. ECF Nos. 13–14.

In the proposed amended complaint, Luciano challenges the constitutionality of Va. Code § 46.2-395(B) and names Governor Ralph Northam, Attorney General Mark Herring, and Department of Motor Vehicles Commissioner Richard Holcomb as defendants in their official capacities. ECF No. 9-1. Luciano states that his license was revoked in 2007, but that the revocation did not begin until 2017 due to unpaid court debt. Id. at 2. Luciano generally claims that the deprivation of his license, without a state determination of his ability to pay the court debt or opportunity to be heard in connection with the suspension, violates the Due Process and Equal Protection Clauses. Id. at 2–3. Luciano seeks a declaratory judgment that Va. Code § 46.2-395(B) is unconstitutional and an injunction that both prevents the defendants from enforcing the statute and directs reinstatement of automatically suspended driver's licenses. Id. at 3.

The defendants moved to dismiss Luciano's amended complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) on September 18, 2018. ECF No. 17. The defendants assert that Luciano served them by certified mail. ECF No. 18. According to the defendants, this is insufficient because Federal Rule of Civil Procedure 4(e)(2) does not permit certified mail as a form of service, and Rule 4(e)(1)— incorporating the service laws in Virginia—also does not allow for certified mail as a form of service. In response, Luciano argued that Federal Rule of Civil Procedure 4(i) applied, which

2

allows for service on the United States and its agencies, corporations, officers, or employees by certified mail. ECF No. 20. Luciano also notes that Virginia Code § 8.01-288, which is incorporated through Rule 4(e)(1), finds service sufficient if the process has been received within the time required by law. The defendants filed a reply contending that Rule 4(i) is inapplicable given their capacities as employees of the Commonwealth and that Virginia Code § 8.01-288 only serves as a curative statute and does not negate service requirements.

## II.

Rule 4 of the Federal Rules of Civil Procedure outlines how a party may serve an opposing party. The rule specifies a number of means of effecting service on individuals, including personal service, substituted service at the defendant's usual abode, and service on a statutorily-defined agent. See Fed. R. Civ. P. 4(e)(2). In addition, Rule 4 provides that parties may serve individuals by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Rule 4 also provides that parties may serve the United States and its agencies, corporations, officers, or employees via certified mail or by delivery to the United States Attorney, or a designated employee, in the district in which the action is brought. Fed. R. Civ. P. 4(i).

Luciano argues that certified mail is a sufficient form of service in this action under Rule 4(i) and Rule 4(e)(1).[1] Rule 4(i) plainly is inapplicable to the current action. Rule 4(i) applies only to service on the United States and its agencies, corporations, officers, or employees. Cf. Copley v. U.S. Dep't of Energy, No. 2:11-CV-00416, 2011 WL 7645844, at

---

[1] Luciano does not assert that he complied with Rule 4(e)(2).

3

*3 (S.D.W. Va. Sept. 12, 2011), report and recommendation adopted, No. 2:11-CV-00416, 2012 WL 1111568 (S.D.W. Va. Mar. 30, 2012) ("Rule 4(i), Federal Rules of Civil Procedure, sets forth a multi-step procedure for service of process on a federal entity."); Bridgeforth v. Potter, No. ICV.A. 3:10-CV-00030, 2010 WL 2671313, at *1 (W.D. Va. July 2, 2010) ("Rule 4(i) sets forth the requirements for serving the United States and its agencies (in this case, the USPS), corporations, officers, or employees."). Luciano's reliance on Moore v. Hosemann, 591 F.3d 741 (5th Cir. 2009) is inapposite. The U.S. Court of Appeals for the Fifth Circuit held that "the most reasonable reading of rule 4 affords state officers facing official capacity suits the same consideration given to federal officers in the same position" in reference to mandatory waiver. See Moore, 591 F.3d at 747. The court found state and federal officials to be similarly situated for purposes of mandatory waiver, not for forms of service permitted under the Federal Rules. Moore does not expand the types of permissible service upon state employees. As the defendants are employees of the Commonwealth and not the United States, they cannot be served pursuant to Rule 4(i).

Rule 4(e)(1) similarly does not support Luciano's selected form of service upon the defendants. Rule 4(e)(1) permits service of the summons and complaint by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Virginia law applies here as the law of the state in which this district court is located and where service was attempted. Under Virginia law, a party may serve individuals in the Commonwealth of Virginia by personal service or substituted service at the defendant's usual place of abode. See Va. Code § 8.01–296; Belcher v. Walz, No. 1:12CV00031, 2012

4

WL 4458190, at *1 (W.D. Va. Aug. 30, 2012) (addressing available forms of service upon state officials sued in their official capacity); see also Fauber v. Virginia Army Nat. Guard, No. 5:08-CV-00068, 2009 WL 959636, at *1 (W.D. Va. Apr. 9, 2009) (citing § 8.01–296 for service upon the governor and attorney general and granting motion to quash because of service by certified mail). Although the federal rules do allow for service to be made according to the law of the state in which the court is located, Luciano failed to comply with the methods specified for service under Va. Code § 8.01–296. Certified mail was not an available option for service of process. Because Luciano did not comply with federal or state law prescribing service of process, he failed to effect proper service on the defendants.

In his briefing, Luciano argues that Virginia Code § 8.01-288 supports that his service upon the defendants was sufficient.[2] Section § 8.01-288 states:

> Except for process commencing actions for divorce or annulment of marriage or other actions wherein service of process is specifically prescribed by statute, process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.

Process for purposes of § 8.01–288 includes notice. See Va. Code § 8.01–285; see also Bendele ex rel. Bendele v. Com., Dep't of Med. Assistance Servs., 29 Va. App. 395, 400, 512 S.E.2d 827, 829 (1999) ("[I]f process includes notice, it does not follow that any notice must constitute process. If a procedure requires that a party receive process, informal notice will not necessarily meet the requirement for process."). "By its plain language the statute applies only when 'process' has reached 'the person to whom it is directed.'" Lifestar Response of

---

[2] The court notes that a plaintiff's duty to fulfill the requirements of Rule 4(e)(1) "is not alleviated simply because the defendant has actually received the complaint." First Assembly of God of Alexandria, Inc. v. Cathedral Design & Const., Inc., CIV.A. 08–1053, 2009 WL 1392541, at *3 (E.D. Va. May 15, 2009).

5

Maryland, Inc. v. Vegosen, 267 Va. 720, 725, 594 S.E.2d 589, 591 (2004); see also Campbell v. Hampton Roads Bankshares, Inc., 925 F. Supp. 2d 800, 806 (E.D. Va. 2013) ("Virginia courts have made it abundantly clear that the operation of the statute requires that the defendant have received court issued process, notwithstanding [Virginia Code] § 8.01–285."); Muse Const. Grp., Inc. v. Com. Bd. for Contractors, 61 Va. App. 125, 141, 733 S.E.2d 690, 697–98 (2012) ("The Supreme Court in Avery recognized that this statute applies in a situation where court-issued process has actually reached the agency secretary. However, Avery most certainly did not hold that Code § 8.01–288 applies when a person simply mails a copy of a petition for appeal—without any accompanying court-issued process—to an agency secretary."). "Under its clear terms, Code § 8.01–288 is designed to cure defects in the *manner* in which 'process' is served. It cannot cure defects in the 'process' itself." Lifestar Response of Maryland, 267 Va. at 725, 594 S.E.2d at 591.

Per the returns filed on the docket, Luciano served the amended complaint on all three defendants via certified mail. ECF No. 16. It is unclear whether he served the summons itself. The returns also raise questions about who specifically received the amended complaint, as Luciano listed the individual defendants in their official capacities for purposes of service but later listed their offices—"Office of the Governor," "VA DMV," and "Office of the Attorney General"—in the proof of service form. ECF No. 16. The docket, as it stands, does not demonstrate that the defendants received process from the court. The court is concerned that the defendants only received the amended complaint.

Therefore, § 8.01–288 does not apply to this action because Luciano has not demonstrated that process was in fact served upon the defendants.[3]

Luciano has not carried his burden to show proper service of process on the defendants. See MJL Enterprises, LLC v. Laurel Gardens, LLC, No. 2:15CV100, 2015 WL 6443088, at *2 (E.D. Va. Oct. 23, 2015) ("A plaintiff bears the burden of establishing that service of process conformed to Federal Rule of Civil Procedure 4."); Terry Phillips Sales, Inc. v. Suntrust Bank, No. 3:13-CV-468, 2013 WL 6055385, at *2–3 (E.D. Va. Nov. 14, 2013) ("Plaintiffs have not met their burden to show proper service of process of the Nondiverse Defendants. Plaintiffs do not assert that any Nondiverse Defendant received court-issued process, and so Virginia's curing statute is inapplicable."). The court must grant the defendants' motion.

### III.

When a federal court grants a motion pursuant to Federal Rule of Civil Procedure 12(b)(5), it may either dismiss the action or retain the action and quash process, giving the plaintiff the opportunity to correct any deficiencies in service. When a defendant files a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5), that motion will also be treated alternatively as a motion to quash process. See, e.g., Haley v. Simmons, 529 F.2d 78, 79 (8th Cir. 1976); Belcher, 2012 WL 4458190, at *2; Ngabo v. Le Pain Quotidien, No. DKC 11–0096, 2011 WL 978654, at *2 (D. Md. Mar. 17, 2011); Grant–Brooks v. Nationscredit

---

[3] The court recognizes that some federal courts have liberally found service to be effective under § 8.01–288. See In re Motorsports Merch. Antitrust Litig., 186 F.R.D. 344, 348–49 (W.D. Va. 1999) ("[U]nder § 8.01–288, service is effective as of the date that a legal document has come to a person or entity regardless of how the document has come to the person or the entity."); Goldbelt Wolf, LLC v. Operational Wear Armor, LLC, No. 1:15CV1269 (JCC/JFA), 2016 WL 1756487, at *3 (E.D. Va. May 3, 2016) ("[O]nce process comes to the defendant's attention, it is of no consequence that the means by which Plaintiff initially attempted to serve process were improper."). However, as Luciano has not shown that process was served, these cases do not support the applicability of § 8.01–288 in this action.

7

Home Equity Servs. Corp., No. CIV.A. 3:01–CV–2327, 2002 WL 424566 (N.D. Tex. Mar. 15, 2002). Where a defect in service does exist, it is in the court's discretion whether the case should be dismissed or whether the service should merely be quashed.

Generally, if it appears that effective service can be made and the delay resulting from ineffective service has caused no prejudice to the defendants, the court will quash the service rather than dismiss the action. "Where 'the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service.'" Ngabo, 2011 WL 978654 at *2 (quoting Vorhees v. Fischer & Krecke, 697 F.2d 574, 576 (4th Cir. 1983)). The case should only be dismissed when there is no reasonable likelihood the plaintiff will be able to achieve proper service on the defendants. See Umbenhauer v. Woog, 969 F.2d 25, 31 (3rd Cir.1992).

It appears in this case that it is reasonably likely Luciano will be able to achieve proper service on the defendants according to the methods prescribed by Rule 4 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 4(m) provides an initial period of 120 days to accomplish service. The amended complaint was filed on August 27, 2018, and therefore Luciano still can timely serve the summons and complaint until nearly the end of this year. Based on this briefing, Luciano now has been directed to the procedural rules about how to properly serve the defendants. See Fed. R. Civ. P. 4(e). Luciano also may avoid the expense of serving a summons and complaint under Rule 4(d) by "notify[ing] such a defendant that an action has been commenced and request that the defendant waive service of a summons." The court notes that a defendant who receives a request to waive

service of process may decline and require that the plaintiff serve a summons and copy of the complaint. The court therefore shall quash the service, which provides Luciano an opportunity to properly serve the amended complaint and summons.

**IV.**

Accordingly, the defendants' motion to dismiss (ECF No. 17), treated as a motion to quash, will be **GRANTED**, and the service of process on the defendants is hereby quashed. An appropriate Order will be entered this day.

Entered: 10/26/2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge