IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AARON A. LUCIANO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:18cv00328 |
| VIRGINIA DEPARTMENT OF MOTOR VEHICLES, et al., | ) By: Hon. Michael F. Urbanski<br>) Chief United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

Pro se plaintiff Aaron A. Luciano filed an amended complaint in this action on August 27, 2018, alleging due process and equal protection violations arising from the suspension of his driver's license due to nonpayment of court costs.[1] ECF No. 14. On September 21, 2018, Luciano filed a motion for preliminary injunction asking the court to enjoin the defendants from enforcing Va. Code § 46.2-395 during the pendency of this action and to "remove any current suspensions of [his] driver's license imposed under Section 46.2-395." ECF No. 21. For the reasons set forth below, Luciano's motion for preliminary injunction will be **DENIED**.

I.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008); see also Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 345 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part, 607 F.3d 355 (4th Cir. 2010). It is

---

[1] The court dismissed Luciano's complaint filed on July 11, 2018 pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 7.

a remedy that is "'granted only sparingly and in limited circumstances.'" MicroStrategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quoting Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991) (internal quotation marks omitted)). Courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987). "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982); see also Railroad Comm'n of Tex. v. Pullman Co., 312 U.S. 496, 500 (1941).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." 555 U.S. at 20; see also Real Truth About Obama, 575 F.3d at 347 (noting that, post-Winter, a plaintiff must make a "clear showing" that he is likely to succeed on the merits and is likely to be irreparably harmed absent preliminary relief); Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth., 771 F.3d 201, 207 (4th Cir. 2014). A preliminary injunction cannot be issued unless all four of these elements are met. See Winter, 555 U.S. at 20; see also League of Women Voters of N. Carolina v. N. Carolina, 769 F.3d 224, 236 (4th Cir. 2014).

## II.

Luciano seeks extraordinary relief at an early stage of this litigation. He asks the court to enjoin enforcement of Va. Code § 46.2-395 during the pendency of this action and effectively reinstate his driver's license. ECF No. 21, at 1. In support of this request for

relief, Luciano states that he is likely to succeed on the merits of his claims, he has "suffered since 2007 off and on and will continue to suffer irreparable harm" due to his alleged constitutional injury, the equities weigh in his favor; and an injunction is just and fair. Id. Although reviewing Luciano's pro se motion liberally and to a less stringent standard, the court finds Luciano's bases for relief conclusory and far short of sufficient to support a preliminary injunction. Cf. Breyan v. Commander, No. 2:16-CV-3926-BHH-MGB, 2017 WL 2560934, at *2 (D.S.C. May 25, 2017), report and recommendation adopted, No. 2:16-CV-3926-BHH, 2017 WL 2560000 (D.S.C. June 13, 2017) (denying preliminary injunctive relief "[e]ven with the liberal construction afforded to pro se filings").

Luciano has not demonstrated that "he is likely to succeed on the merits." Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011). His constitutional challenge to Va. Code § 46.2-395(B) may face jurisdictional difficulties based on the decisions entered to date in Stinnie v. Holcomb, No. 3:16-CV-00044, 2017 WL 963234 (W.D. Va. Mar. 13, 2017), appeal dismissed, cause remanded, No. 17-1740, 2018 WL 2337750 (4th Cir. May 23, 2018). In Stinnie, the court held that it did not have jurisdiction over a challenge to Va. Code § 46.2-395, but noted that "it may be possible to reconstitute [claims like this] in a form and against a defendant such that a lower federal court would have jurisdiction." 2017 WL 963234, at *1, *20. On appeal, the U.S. Court of Appeals for the Fourth Circuit remanded Stinnie because the dismissal without prejudice was not a final order; however, the court noted that the plaintiffs may be able to reconstitute their claims to obtain jurisdiction. See Stinnie v. Holcomb, No. 17-1740, 2018 WL 2337750, at *2 (4th Cir. May 23, 2018). Stinnie is now before the district court on remand. Some of the jurisdictional concerns in Stinnie may

3

be relevant to this action. As Luciano has not explained how he is likely to succeed, and the Stinnie decisions have not clarified the state of the law, Luciano has not demonstrated that he is likely to succeed on the merits for the purposes of a preliminary injunction.

Luciano further has not made "a clear showing that [he] is likely to be irreparably harmed absent preliminary relief." Real Truth About Obama, 575 F.3d at 347. Preliminary injunctions are meant to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003) (citations omitted), abrogation on other grounds recognized in Bethesda Softworks, LLC v. Interplay Entm't Corp., No. 11–1860, 2011 WL 5084587, at *2 (4th Cir. Oct. 26, 2011). The Fourth Circuit has explained that "the required 'irreparable harm' must be 'neither remote nor speculative, but actual and imminent.'" Direx Israel, 952 F.2d at 812 (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989) and citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)). Luciano states in his motion that he has "suffered since 2007 off and on," presumably due to his lack of driver's license. This does not support a finding of irreparable harm. The status quo has been for Luciano to have a suspended license. While the court sympathizes with Luciano regarding the difficulties that arise from lacking a license, Luciano has not explained the actual and imminent harm that he will suffer during the pendency of this litigation that could not be rectified by a judgment or that differs from the status quo. Luciano has not made a clear showing of irreparable harm.

As to the third and fourth factors, Luciano only makes conclusory statements regarding the balance of equities and the public interest. Arguments could be fairly made by Luciano and the defendants as to both factors weighing in their favor. However, as Luciano has not shown a likelihood of success or irreparable harm, Luciano has not carried his burden for preliminary injunctive relief.

### III.

Accordingly, Luciano's motion for preliminary injunction (ECF No. 21) is **DENIED** at this time. Luciano may renew his motion in the future if new facts or case law arise to support a likelihood of success on the merits or irreparable harm during the pendency of this litigation.

An appropriate Order will be entered this day.

Entered: 10/26/2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge